**Shou Zhong PAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4364–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Michelle G. Tapken, United States Attorney for the District of South Dakota, Kathryn E. Ford, Assistant United States Attorney, Sioux Falls, South Dakota, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

Shou Zhong Pan, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004);

*Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

■ The IJ observed that, although Pan testified that he was threatened with sterilization, he did not claim that there was a threat of sterilization against him at any point in his asylum application. Pan's omission was not incidental or ancillary; indeed the alleged attempted sterilization went "to the heart of his asylum claim." *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (citing *Ramsameachire*, 357 F.3d at 182). The IJ's determination that Pan's claim about his threat of sterilization was incredible is supported by substantial evidence in the record.

■ The IJ also determined that Pan was incredible as to his wife's sterilization because he knew "nothing" about this sterilization of his wife, though it appeared to be the "crux of his case." The IJ noted that Pan's testimony regarding his wife's sterilization was undetailed. Furthermore, the IJ observed that, although Pan indicated that the sterilization was without consent, he did not obtain any information from his wife regarding the procedure. This Court in *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003), explained that there is a "distinction between testimony that adverts (albeit not in great detail) to facts corresponding to the definitional elements of 'refugee,' and testimony . . . that fails to make out these elements." In this case, like in *Qiu*, Pan's testimony was undetailed, yet was sufficient to make out a claim that he falls into the category of a refugee. Aside from the lack of detail present in his testimony, Pan's testimony regarding his wife's sterilization was not inconsistent or implausible.

The IJ determined that, although Pan offered a certificate indicating that his wife was sterilized in China, that document was not authenticated as required under 8 C.F.R. § 287.6. The IJ noted that Pan did not make any effort to authenticate any of the documents presented. In *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005), this Court explained that 8 C.F.R. § 287.6 is not the exclusive means of authenticating records before an IJ, partly because "asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor." *Id.* (citing *Gui Cun Liu v. Ashcroft*, 372 F.3d 529, 532 (3d Cir.2004)). This Court further acknowledged that "a genuine refugee does not flee her native country armed with affidavits, expert witnesses, and extensive documentation." *Id.* at 405 (citing *Abankwah v. INS*, 185 F.3d 18, 26 (2d Cir.1999)). In this case, the IJ did not explain what she believed would have been appropriate in order to authenticate the documents.

■ The IJ did not find that the inconsistencies present in Pan's claim about his threatened sterilization contaminates the consistent testimony (albeit vague) he gave regarding his wife's sterilization. This case must therefore be remanded so that the agency can determine whether or not Pan's adverse testimony regarding his threatened sterilization was fatal to his claim regarding his wife's sterilization. Vacatur is appropriate here because "the erroneous aspects of the IJ's reasoning are not tangential to the findings . . . and . . . the evidence supporting [those] findings is not so overwhelming" as to make remand futile. *Id.* at 406.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.